UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **HARTFORD CASUALTY INSURANCE COMPANY** <br> **(Plaintiff)** | **CIVIL ACTION NO: 1:10CV667** <br><br> **JUDGE DRELL** |
| **VERSUS** | **MAGISTRATE JUDGE KIRK** |
| **ARKANSAS, LOUISIANA, AND MISSISSIPPI PIPE TRADES ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA** <br> **(Defendant)** | |

**<u>ARKANSAS, LOUISIANA, AND MISSISSIPPI PIPE TRADES ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA'S REPLY TO HARTFORD CASUALTY INSURANCE COMPANY'S OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI</u>**

Hartford Insurance Company fails to deny that it engaged in anticipatory conduct and forum shopping by filing the instant action in the Western District of Louisiana. Hartford also ignores the authorities upon which Defendant relies, taking the position that Hartford's choice of venue is entitled to deference. (Doc. 8 at 4). As set forth in Defendant's motion, Hartford's choice of venue is not entitled to deference as the first-filed action because Hartford engaged in forum shopping and anticipatory conduct. Charles A. Wright, Arthur R. Miller, and Edward Cooper, 15 *Federal Practice and Procedure* § 3854 (3d ed.); *Granite State Ins. Co. v. Tardy Corp.,* 986 F.2d 94 (5th Cir. 1992); *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599 (5th Cir. 1983); *Amerada Petroleum Corp. Marshall,* 381 F.2d 661 (5th Cir. 1967). When two duplicative actions are pending in different courts, generally the first-to-file rule determines

**EXHIBIT 1**

which action will proceed. *Street v. Smith*, 456 F. Supp 2d 761, 767-68 (S.D. Miss. 2006). Under the "anticipatory declaratory judgment exception to the first-filed rule," the second-filed action proceeds. *Id*. The court in which the first-filed action is pending determines whether there was anticipatory conduct and which action will proceed. *Id*. Therefore, this Court should determine whether Hartford's declaratory judgment action should proceed. This inquiry is distinct from the issue of whether venue should be transferred pursuant to 28 U.S.C. § 1404(a).

Also, in general, when deciding whether to allow a declaratory judgment action to proceed, the Court should consider whether plaintiff engaged in anticipatory conduct, whether plaintiff engaged in forum shopping, and whether possible iniquities in allowing the declaratory plaintiff to gain precedence in time or to change forums. *Street*, 456 F. Supp 2d at 768 n.1 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). "The fact that the Firth Circuit treats an anticipatory declaratory judgment action as an exception to the first-filed rule is consistent with the considerations applicable in deciding whether a declaratory judgment action should proceed." *Id.*

Even applying the 28 U.S.C. § 1404(a) factors, venue is not more convenient in Alexandria. The availability of witnesses does not militate toward venue in Alexandria. As reflected on the list of officers sent to Diane DiFanco, Hartford's representative, the business managers of the constituent locals in Louisiana, Mississippi, and Arkansas comprise the governing body of Tri-States. These witnesses are located in all three states. This document was produced in the underlying litigation, and is Bates numbered Tri-States 000188-89. (Exhibit A). The Secretary/Treasurer of Tri-States, Johnny Gypin, was located in Alexandria, but Gypin is now deceased. The insurance agent who placed the Hartford Insurance with Tri-States and entered the name of the insured into the computer system, David Coney, is located in Chicago,

Illinois. Coney has executed an affidavit stating he will voluntarily appear in Jackson, Mississippi. (Exhibit B).

Tri-States has produced over 600 documents in the underlying litigation concerning its structure, financial records, and activities. These documents will be just as easily produced to Hartford. Therefore, both witnesses and documents will be just as easily available in Jackson as Alexandria.

As discussed fully in Defendant's memorandum accompanying its motion to transfer venue, the public interest factors weigh heavily in favor of trial in Jackson. Because the underlying litigation is in the Southern District of Mississippi, that court is much more familiar with the factual and legal issues common to both cases – including the identity of Tri-States, its relationship to other UA entities, and its operations.

          Respectfully submitted,

          ROBEIN, URANN,
          SPENCER, PICARD & CANGEMI, A.P.L.C

          *s/ Christina L. Carroll*
          LOUIS L. ROBEIN (La. Bar No. 11307)
          CHRISTINA L. CARROLL (Miss. Bar No. 10507)
          Post Office Box 6768
          2540 Severn Avenue, Suite 400 (70002)
          Metairie, Louisiana 70009-6768
          Telephone: (504) 885-9994
          Facsimile:  (504) 885-9969
          Email: lrobein@rul-law.com
                 ccarroll@rul-law.com

          *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2010, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

>Daniel J. Balhoff
>2141 Quail Run Drive
>Baton Rouge, Louisiana 70808

>*s/ Christina L. Carroll*
>CHRISTINA L. CARROLL