UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO. 1:10-cv-667 |
| -vs- | JUDGE DRELL |
| ARKANSAS, LOUISIANA, AND MISSISSIPPI PIPE TRADES ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA | MAGISTRATE JUDGE KIRK |

RULING

Before the Court is Defendant's motion to dismiss Plaintiff's declaratory judgment action, or alternatively to transfer venue. (Doc. 6). For the written reasons given below, the motion is GRANTED and Plaintiff's claim is dismissed, without prejudice.

BACKGROUND

This action arises out of a lawsuit brought in the Southern District of Mississippi by a building subcontractor who is suing various unions for millions of dollars on nine different claims arising out of the termination of a contract.[1] In 2007, a union organizer was allegedly caught infiltrating a secure building site to organize certain non-union workers on behalf of various local, regional, and international unions. When caught, the organizer allegedly falsely claimed that the subcontractor had authorized him to be on the site, allegedly leading to the contractor's termination

---

[1] *King Indus., Inc. v. United Assn. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Indus. of the U.S. and Can., et al.*, S.D. Miss., Jackson Division, Docket No. 3:07-cv-671.

from the project. The subcontractor responded by suing the many unions and union chapters on whose behalf the organizer was allegedly working, among other parties, in 2007.

Defendant here, a trade association that has a disputed affiliation with at least one of those unions, had a general liability insurance policy with Plaintiff. Upon the filing of the subcontractor's suit, at least one union defendant in that suit, claiming identity and / or an agency relationship with Defendant here, sought coverage and defense based upon Defendant's policy. Hartford has denied the request for coverage on various bases, including that the defendant union was not its insured and was not otherwise related to its insured by an agency relationship that would bind Plaintiff. The parties privately contested this point for the following 15 months until Defendant submitted a draft complaint to Plaintiff that it said it would file if Plaintiff did not honor its coverage obligation. One week later, on April 23, 2010, Plaintiff filed the present action seeking a declaratory judgment of non-coverage. On June 7, 2010, Defendant filed a mirror action based on its own complaint in the Southern District of Mississippi. (Doc. 8-3, Civil Action No. 3:10-cv-322).

ANALYSIS

I. Legal Standard

The Fifth Circuit generally applies a "first-filed" rule; however, it recognizes an exception in cases in which a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant. See *Pac. Employers Ins. Co. v. MV/Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985). Moreover, a district court is not required to provide declaratory judgment relief; it is within the Court's discretion whether to decide a declaratory judgment action. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009).

"Federal district courts are courts of coordinate jurisdiction and equal rank, and must exercise

care to avoid interference with each other's affairs and duplicative litigation." *Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 997 (E.D. Tex. 1993). The "first-to-file" rule permits a district court to decline to exercise jurisdiction over an action when another suit involves the same parties and issues. *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985). It is not a rigid or inflexible rule to be mechanically applied. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). Courts may make an exception to the first-filed rule when justice or expediency requires; the decision of whether to apply the first-to-file rule involves determinations concerning "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

The analysis regarding whether to retain a declaratory judgment action requires a district court to determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co.*, 343 F.3d at 387. It is undisputed and likewise found by this Court that the first two prongs are satisfied here.

Under the third prong, the Court must exercise its discretion about whether to decide or dismiss the case. The Fifth Circuit has identified the following seven nonexclusive factors to consider when making this determination:

> (1) whether there is another pending action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums;
> (5) whether the federal court is a convenient forum for the parties and witnesses;

> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 [5th Cir. 1994]).

**II. Application**

First, there is a pending action filed by Defendant in the Southern District of Mississippi mirroring the present suit in which these parties could litigate all of the issues presented here. See *Watkins Strategy & Res. Grp. v. WLC, LLC*, 433 F.Supp.2d 778, 782 (S.D.Miss.2006).

Second, we find that not only did Plaintiff file this action in "anticipation" of litigation, it only chose to file it – after 15 months of negotiations over coverage – a week after being presented with a draft complaint by Defendant, in other words, once litigation was imminent. This point connects closely to the third factor, that Plaintiff was allegedly forum shopping. Defendant baldly accuses Plaintiff of doing so, and Plaintiff does not deny it, though we independently note that Defendant has some connections to this area that make Plaintiff's choice of forum at least defensible on non-forum shopping grounds. Regardless, we adjudge that this suit was only filed in anticipation of litigation – and not, as intended under the Declaratory Judgment Act, to clarify a party's obligation so business may continue and / or more extensive litigation be avoided – and that Plaintiff engaged in forum shopping by filing here rather than in the Southern District of Mississippi.

More important than these considerations, however, are those found in the fifth and sixth factors, whether this federal court is a convenient forum, and whether retaining the lawsuit would serve the purpose of judicial economy. Both parties are capable of trying the suit in either forum; however, we find that retaining the suit would be highly duplicative and inefficient. In particular,

one of the primary issues in the suit – along with the straightforward interpretation of the insurance contract – is the alleged relationship – agency, outright identity, or otherwise – between the organizer, the various unions, and Defendant. For this issue, there is a demonstrably superior forum than this one – the court where the underlying lawsuit out of which this one arises is being adjudicated, the Southern District of Mississippi, Jackson Division.

Specifically, we have carefully reviewed all of the parties' submissions, and to put it mildly, the alleged web of relationships at issue here is complex. Further, we find it to be intimately intertwined with the underlying suit in which just Defendant, or the party allegedly affiliated with Defendant, has already produced almost 600 documents concerning its inner workings, finances, and legal structure, all likely to be relevant here. Likewise, many of the witnesses who would testify here have already there been deposed there, including, again, about issues that would be relevant here. Finally, while we have a grasp of the case from the submissions which we have already received, as stated, the ultimate relationship issue is complex and completely new to us. It would therefore likely take us a substantial amount of time and resources, in a process which would be highly duplicative, to grasp it sufficiently to render a decision. Meanwhile, the other forum has been dealing with these issues and parties for years and so is far more likely resolve the case efficiently.

Otherwise, we find that the fourth factor here counsels neither for nor against our retaining the case, as neither party has demonstrated that the choice of forum or time of filing presents inequities. Finally, the seventh factor, about not construing a state decree, is simply not relevant.

## CONCLUSION

For the reasons given above, we find that the factors articulated by the Fifth Circuit heavily favor our declining to decide the present case and instead to permit its resolution by the United States

District Court for the Southern District of Mississippi, Jackson Division. Accordingly, and in a separate judgment also issued this date, we GRANT Defendant's motion (Doc. 6) and order that Plaintiff's claims be DISMISSED, without prejudice.

SIGNED on this 30 day of March, 2011 at Alexandria, Louisiana

DEE D. DRELL
UNITED STATES DISTRICT JUDGE